UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

AMY ROSENFELD,
a/k/a AMY GARON-ROSENFELD,

    Debtor.
_____/

Case No. 14-54351-TJT
Chapter 7
HON. THOMAS J. TUCKER

K. JIN LIM, CHAPTER 7 BANKRUPTCY
TRUSTEE OF THE ESTATE OF
AMY ROSENFELD,

    Plaintiff,

vs.

TRANSAMERICA LIFE INSURANCE
COMPANY, SUN LIFE ASSURANCE
COMPANY OF CANADA, LARRY
GARON, AUDREY FRIEDMAN, and
CAROL EMER,

    Defendants.
_____/

Adversary Proceeding
No.

# COMPLAINT

**NOW COMES** Plaintiff, K. Jin Lim, Chapter 7 Trustee of the bankruptcy estate of Amy Rosenfeld (the "Trustee"), by and through her undersigned attorneys, and complains against the above captioned Defendants as follows:

# JURISDICTIONAL ALLEGATIONS

1. On September 10, 2014 (the "Bankruptcy Petition Date"), Debtor, Amy Rosenfeld, initiated this bankruptcy case pursuant to the filing of a petition in bankruptcy under Chapter 7 of the Bankruptcy Code. The Trustee has been appointed to serve and act as the Debtor's Chapter 7 Trustee.

2. Defendant, Transamerica Life Insurance Company ("Transamerica"), is an insurance company transacting business in Detroit, Michigan. Transamerica's resident agent is The Corporation Company which has a registered office located at 30600 Telegraph Road, Ste. 2345, Bingham Farms, Michigan 48025.

3. Defendant, Sun Life Assurance Company of Canada ("Sun Life"), is an insurance company transacting business in Detroit, Michigan. Sun Life's resident agent is The Corporation Company which has a registered office located at 30600 Telegraph Road, Ste. 2345, Bingham Farms, Michigan 48025.

4. Defendant, Larry Garon ("Garon"), is an individual who resides, upon information and belief, at 25650 Meadowdale, Franklin, Michigan 48025-1101.

5. Defendant, Audrey Friedman, is an individual who, upon information and belief, resides at 2403 Evergreen Road, Toledo, Ohio 43606.

6. Defendant, Carol Emer, is an individual who resides, upon information and belief, at 3130 Warbler Place, Highland Park, Illinois 60035.

7. This Court has jurisdiction in this matter pursuant to 28 USC §1334 and this is a "core" proceeding pursuant to 28 USC §157.

## COMMON ALLEGATIONS

8.  The Trustee hereby realleges and incorporates by reference paragraphs 1 through 7 as though fully set forth herein.

9.  As of the Bankruptcy Petition Date, Debtor, Amy Rosenfeld (the "Debtor"), held an undivided one-quarter interest in Transamerica Life Insurance Policy No. 92539727 (the "Transamerica Policy") insuring the life of her father, Fred Garon. The Transamerica Policy has a face value of $400,000.00 and a current net cash surrender value of approximately $91,165.06. Garon, Friedman and Emer also each hold an undivided one-quarter interest in the policy, including its net cash surrender value.

10. As of the Bankruptcy Petition Date, the Debtor owned an undivided one-quarter interest in Sun Life Policy No. 020128438 (the "Sun Life Policy") having a face value of $570,021.00 and a current net cash surrender value of approximately $164,155.25. Garon, Friedman and Emer each also own an undivided one-quarter interest in the Sun Life Policy, including its net cash surrender value.

11. The Debtor's interest in the Sun Life Policy, including its cash surrender value, is property of the bankruptcy estate pursuant to 11 USC §541.

12. The Debtor's interest in the Transamerica Policy, including its net cash surrender value, is property of the bankruptcy estate pursuant to 11 USC §541.

13. The Debtor's interest in the Sun Life Policy and the Transamerica Policy, including their respective net cash surrender values, are not subject to exemption by the Debtor pursuant to prior order of this Court.

14. On May 3, 2006, the Trustee made written demand upon Sun Life to surrender the Sun Life Policy and to pay to the Trustee the estate's undivided one-quarter interest in the net cash surrender value of the policy. The estate's undivided one-quarter interest amounts to approximately $41,038.81.

15. On May 3, 2016, the Trustee made written demand upon Transamerica to surrender the Transamerica Policy and to pay to the Trustee the estate's undivided one-quarter interest in the net cash surrender value of the Transamerica Policy. The Trustee believes that the estate's one-quarter interest in the net cash surrender value of the Transamerica Policy amounts to approximately $22,791.27.

16. Both Transamerica and Sun Life have refused to voluntarily comply with the Trustee's aforementioned demands. The Trustee is informed and believes that Transamerica and Sun Life will surrender the policies only if this Court orders it or all of the co-owners consent.

### COUNT I – TURNOVER OF PROPERTY OF THE ESTATE

17. The Trustee hereby realleges and incorporates by reference paragraphs 1 through 16 as though fully set forth herein.

18. 11 USC §542(a) provides that any entity in possession, custody, or control, during the bankruptcy case, of property that the Trustee may use, sell, or

release under 11 USC §363 shall deliver to the Trustee, an account for, such property or the value of such property.

19. The Debtor's undivided one-quarter interest in the net cash surrender value of the Transamerica Policy is property of the bankruptcy estate that the Trustee may use, sell, or lease under 11 USC §363.

20. The estate's one-quarter interest in the net cash surrender value of the Sun Life Policy is property that the Trustee may use, sell, or lease under 11 USC §363.

21. Transamerica should be compelled, therefore, to surrender the Transamerica Policy and be ordered to pay to the Trustee one-quarter of the net cash surrender value thereof.

22. Sun Life should be compelled, therefore, to surrender the Sun Life Policy and be ordered to pay to the Trustee one-quarter of the net cash surrender value thereof.

**WHEREFORE**, Plaintiff, K. Jin Lim, Chapter 7 Trustee of the bankruptcy estate of Amy Rosenfeld, respectfully prays that his Court enter a judgment granting the following relief:

(a) That Defendant, Sun Life Assurance Company of Canada, be ordered to immediately surrender Sun Life Policy No. 020128438 and to forthwith pay to the Trustee one-quarter of the net cash surrender value thereof;

(b) That Defendant, Transamerica Life Insurance Company, be ordered to forthwith surrender Transamerica Policy No. 92539727 and to forthwith pay to the Trustee one-quarter of the net cash surrender value thereof; and

(c) That the Court grant such other relief as is fair and equitable under the circumstances of this case.

## **COUNT II – PARTITION**

23. The Trustee hereby realleges and incorporates by reference paragraphs 1 through 22 above as though fully set forth herein.

24. The Trustee on behalf of the bankruptcy estate, holds an undivided one-quarter interest in the Transamerica Policy, including its net cash surrender value, as a tenant in common with Garon, Emer and Friedman.

25. The Trustee on behalf of the bankruptcy estate, holds an undivided one-quarter interest in the Sun Life Policy, including its net cash surrender value, as a tenant in common with Garon, Friedman and Emer.

26. The Trustee is informed and believes that Garon, Emer and Friedman will not consent to the surrender of the Transamerica Policy and/or the Sun Life Policy.

27. Partition in kind of the Transamerica Policy and the Sun Life Policy between the co-owners of each policy is impracticable.

28. Any attempted disposition of the estate's undivided interest in the Transamerica and Sun Life Policies would realize significantly less for the estate than what would be received if the policies were surrendered and if each co-owner would receive his or her one-quarter share of the net surrender values of each policy,

29. The interests of Garon, Friedman, and Emer in the Sun Life and Transamerica Policies are adequately protected as they will receive their full undivided interests in the net cash surrender values received from these policies.

30. The Trustee should be permitted, therefrom, to effectuate the surrender of the Transamerica and Sun Life Policies and that the Trustee be appointed by the Court as attorney in fact for Garon, Emer and Friedman so that he Trustee may execute on their behalf all documents and perform on their behalf all acts necessary to effectuate the surrender of both policies and evenly distribute the net cash surrender value thereof to each co-owner.

**WHEREFORE**, Plaintiff, K. Jin Lim, Chapter 7 Trustee of the bankruptcy estate of Amy Rosenfeld, respectfully prays that this Court grant the following relief pursuant to this Count II:

(a) Enter an Order compelling Transamerica Life Insurance Company to immediately surrender Transamerica Policy No. 92539727 and pay to the Trustee the estate's one-quarter interest in the net cash surrender value thereof and to pay to the other three co-owners,

Carol Emer, Audrey Friedman, and Larry Garon, their respective one-quarter share of such proceeds;

(b) Enter an Order compelling Sun Life Assurance Company of Canada to immediately surrender Sun Life Policy No. 020128438 and pay to the Trustee the bankruptcy estate's one-quarter interest in the net cash surrender value thereof to pay the other three co-owners, Larry Garon, Audrey Friedman, and Carol Emer their respective one-quarter share of such proceeds;

(c) Enter an Order authorizing the Trustee to act as Garon, Freidman and Emer's attorney-in-fact for the purpose of enforcing all acts on their behalf and excluding all documents on their behalf to effectuate a surrender of the Sun Life and Transamerica Policies and to distribute each co-owners one-quarter share of net cash surrender values thereof to him or her; and

(d) That the Court grant such other relief as is just and equitable under the circumstances of this case.

## COUNT III – SALE OF JOINTLY OWNED PROPERTY UNDER 11 USC §363(h)

31. The Trustee hereby realleges and incorporates by reference paragraphs 1 through 16 above as though fully set forth herein. This Count III is pled in the alternative to Counts I and II.

32. Partition in kind of the Transamerica Policy and the Sun Life Policy between the co-owners of each policy is impracticable.

33. The Trustee's sale of the estate's undivided interest in each policy would realize significantly less for the estate from the sale of such property free of the interest of the other co-owners, Garon, Emer and Friedman.

34. The benefit to this bankruptcy estate of a sale of the Transamerica Policy and Sun Life Policy free of the interests of Garon, Friedman and Emer outweighs the detriment, if any, to these co-owners.

35. The Sun Life Policy and Transamerica Policy are not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

36. The Trustee submits, therefore, that the Court should authorize the Trustee to sell the Sun Life and Transamerica Policies, in whole, free of the interests of Defendants, Garon, Emer and Friedman, and that the net sales proceeds received therefrom be equally divided between the estate, Garon, Friedman and Emer.

**WHEREFORE**, Plaintiff, K. Jin Lim, Chapter 7 Trustee of the bankruptcy estate of Amy Rosenfeld, respectfully prays that this Court grant the following relief pursuant to this Count III:

    (a) Enter an Order authorizing the Trustee to sell the parties' entire interest in Transamerica Policy No. 92539727 to any third party free of the interests of Defendants, Carol Emer, Audrey Friedman,

and Larry Garon; provided, however, that all net sales proceeds received therefrom shall be evenly divided between the Trustee, Carol Emer, Audrey Friedman, and Larry Garon;

(b) Enter an Order authorizing the Trustee to sell the parties' entire interest in Sun Life Policy No. 020128438 to any third party free of the interests of Defendants, Carol Emer, Audrey Friedman, and Larry Garon; provided, however, that all net sales proceeds received therefrom shall be evenly divided between the Trustee, Carol Emer, Audrey Friedman, and Larry Garon;

(c) Enter an Order authorizing the Trustee to execute all documents and perform all acts that may be required to effectuate the sale of the Transamerica Policy and Sun Life Policy as a whole; and

(d) That the Court grant such other relief as is just and equitable under the circumstances of this case.

Respectfully submitted,

DAKMAK PEURACH, P.C.

By: /s/ Robert A. Peurach
_____
Robert A. Peurach (P34446)
Atty. for Trustee
41740 Six Mile Road, Ste. 101
Northville, MI 48168
248-349-0500/349-0600 (fax)
rpeurach@gdakmak.com

Date: June 28, 2016